UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER EFFECT INVESTMENTS LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>HAILI WU, et al.,<br><br>        Defendants. | Case No. 22-cv-05668-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 15 |

    The Court denies defendants' Rule 12(b)(6) motion to dismiss. Plaintiff has stated a plausible breach-of-contract claim, which is the only claim in the complaint. Defendants argue that the contract was a sham, but to support this contention, they rely on evidence outside the complaint. *See* Dkt. 15-1, Wu Decl. ¶¶ 1–21; *see also* Reply, Dkt. 25 at 12 ("Defendants have introduced substantial documents recording the sham nature of the agreement and respectfully request that the Court take the evidence into consideration when making its judgment . . . ."). The Court cannot consider this "extraneous evidence" when ruling on a Rule 12(b)(6) motion to dismiss. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Nor will the Court convert defendants' motion into a motion for summary judgment.

    The Court also denies defendants' Rule 12(b)(5) motion to dismiss for insufficient service

of process. When defendant Haili Wu was in her car outside the key-code-protected gate to her home, a process server handed her three packets of service documents, through her car window. *See* Dkt. 22-2, Marin Decl. ¶¶ 6–7. The packets were for Wu; for defendant Derek Marshall, who is Wu's husband; and for defendant California Wine Exchange, a company owned by Wu and Marshall. *See id.* By providing these packets to Wu, the process server served Wu personally, *see* Fed. R. Civ. P. 4(e)(2)(A); served Marshall by substitute service, *see* Fed. R. Civ. P. 4(e)(2)(B); and served California Wine Exchange through a managing agent, *see* Fed. R. Civ. P. 4(h)(1)(B).

In arguing that service was inadequate, defendants rely on California's substitute-service statute, which states that the person on whom substitute service is made "shall be informed of the contents" of the documents that are served. Cal. Civ. Proc. Code § 415.20(b). Defendants argue that this requirement wasn't satisfied because, according to Wu, when the process server handed her the three service packets, the process server didn't identify herself or describe what was in the packets, saying only, "This is for you." Wu Decl. ¶¶ 27–29.

The process server disputes Wu's telling of the encounter, reporting that she identified herself as a process server and explained that the packets included "court documents." Marin Decl. ¶¶ 6–7. But even if Wu's version of events is true, defendants haven't established that service was defective. Rule 4(e)(2) has its own substitute-service provision, which doesn't include the "shall be informed of the contents" requirement found in section 415.20(b). *See* Fed. R. Civ. P. 4(e)(2)(B) (substitute service is effected by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). The Court is satisfied that plaintiff complied with Rule 4(e)(2)(B) and successfully served defendant Marshall by substitute service.

For the reasons stated, defendants' Rule 12(b)(6) and Rule 12(b)(5) motions are denied.

**IT IS SO ORDERED.**

Dated: June 15, 2023

Alex G. Tse
United States Magistrate Judge