UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER EFFECT INVESTMENTS LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>HAILI WU, et al.,<br><br>    Defendants. | Case No. 22-cv-05668-AGT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 71 |

On May 24, 2024, plaintiff Super Effect Investments Limited ("SEI") moved for leave to file a second amended complaint. Dkt. 71. Defendants Haili Wu, Derek Marshall, California Wine Exchange, and Xi Chen opposed the motion. Dkts. 72 & 73. Because the deadline to amend pleadings has passed, SEI must show good cause for the request. The Court finds that SEI lacks good cause and denies SEI's motion.

Under Rule 15(a), before trial, once the time for amendment as a matter of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Pursuant to the case management schedule (dkt. 62), the last day to amend pleadings was November 30, 2023. When the deadline to amend pleadings has passed, under Rule 16 the case schedule must be modified, which requires "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should

end." *Id*.

First, once the deadline to amend pleadings has passed, SEI's diligence becomes the center of the inquiry. *Johnson*, 975 F.2d at 609. SEI must show good cause to amend pleadings after the deadline to amend pleadings has passed. *See* Fed. R. Civ. P. 16(b)(4). SEI argues that good cause exists because it "should be permitted to assert a further meritorious claim" and "Defendants will suffer no undue prejudice." Dkt. 71-1 at 3. This argument may be persuasive had SEI requested leave *before* the deadline to amend pleadings, November 30, 2023. *See* dkt. 62. SEI, however, seeks relief months after the deadline. It did not request an extension of time, nor explain why it could not meet the original deadline.

Second, SEI knew or should have known of facts necessary for an amendment months before the deadline to amend, and over a year before bringing this motion. SEI was simply not diligent. Defendants Wu, Marshall, and CEW brought an unsuccessful motion to dismiss back in February 2023. That motion addressed a cooperation agreement and the fictitious identity of Tony Liu. Dkt. 15 at 19. SEI was well aware of the alleged fictitious identity of Mr. Liu as far back as had from February 2023, and perhaps even earlier as they were preparing defendants' motion to dismiss. And yet SEI did nothing for 8 months or November 30, 2023, to amend the complaint before the deadline set in the case management order. *See* dkt. 62. Additionally, SEI provides no reason why it took an additional 6 months since the deadline to bring this motion. SEI waited over 14 months to add a claim and defendant without good cause. Accordingly, SEI has failed to show good cause under Rule 16 to change the case management schedule. *Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Generally, leave to amend should be "freely given" unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court finds undue delay on the part of SEI. Defendants also argue that granting leave would be prejudicial.[1] Dkt. 72 at 3–5; Dkt. 73 at 5–8. Defendants contend that the proposed new claim is for an "entirely different project," the operative facts are unrelated, and the nature of the existing claim and the proposed claim differ such that "evidence involving complicated transactions between multiple parties going back to 15 years will likely lead to confusing the issues and misleading the jury." Dkt. 72 at 2–4; Dkt. 73 at 6, 8. SEI simply denies any prejudice. The Court is persuaded that Defendants would be prejudiced by granting leave at this late stage.

Accordingly, the Court denies SEI's motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: July 3, 2024

　　　　　　　　　　　　　　　　　　　　　　Alex G. Tse
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Defendants also argue that the proposed amendment is futile because the statute of limitations has run on the amended claim. Dkt. 72 at 4–5; dkt. 73 at 6–7. The Court need not reach a decision on this argument in determining that the amendment is untimely as a matter of law.